**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4204**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID BRANDON WATSON,

Defendant - Appellant.

_____

**No. 23-4205**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID BRANDON WATSON,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00273-CCE-1; 1:23-cr-00033-CCE-1)

_____

Submitted:  August 23, 2024                          Decided:  September 30, 2024

Before RICHARDSON and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2011, David Brandon Watson pled guilty to possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Watson to a total of 90 months' imprisonment, followed by five years' supervised release. In 2022, while on supervised release, Watson pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Based on that offense and the conduct surrounding it, Watson admitted that he had violated the terms of his supervised release. The district court therefore revoked Watson's supervised release.

The court sentenced Watson below the advisory Sentencing Guidelines range to 72 months' imprisonment for his new criminal conviction and below the policy statement range to 24 months' imprisonment for the supervised release violations, to run consecutively. Watson appeals from both judgments. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred in establishing Watson's base offense level for his new criminal offense under the Guidelines by counting his prior federal § 841(a) conviction as a controlled substance offense (No. 23-4204), and whether the court properly calculated the policy statement range by determining that Watson's most serious violation of supervised release was a grade A violation (No. 23-4205). We affirm.

We "consider[] de novo whether a prior conviction is a controlled substance offense under the Guidelines." *United States v. Miller*, 75 F.4th 215, 228-29 (4th Cir. 2023)

3

(internal quotation marks omitted). The district court applied an enhanced base offense level after finding that Watson's prior § 841(a) conviction qualified as a controlled substance offense. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(2). A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). While this appeal was pending, we held that a federal conviction for distribution of, or possession with intent to distribute, a controlled substance pursuant to 21 U.S.C. § 841(a)(1) categorically qualifies as a controlled substance offense under the Guidelines. *United States v. Groves*, 65 F.4th 166, 174 (4th Cir. 2023). Thus, the district court did not err in applying the base offense level under USSG § 2K2.1(a)(2).

With respect to the district court's calculation of the policy statement range for Watson's supervised release violations, under USSG § 7B1.1(a)(1), p.s., a violation is a grade A violation if it included conduct constituting "a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." Here, the probation officer noted that Watson had been charged in North Carolina state court with possession with intent to sell controlled substances for the conduct underlying the new § 922(g) conviction. We held in *United States v. Miller*, 75 F.4th 215, 231 (4th Cir. 2023), that North Carolina's possession with intent to deliver statute categorically qualified as a controlled substance offense under the Guidelines. Therefore,

4

the district court did not err in calculating Watson's most serious supervised release violation as a grade A violation.

In accordance with *Anders*, we have reviewed the entire record in these cases and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform Watson, in writing, of the right to petition the Supreme Court of the United States for further review. If Watson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Watson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*